**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **INSURANCE NEWSNET.COM,** | : | **Civil Action No. 1:11-CV-00286** |
| **INC., et al.,** | : | |
| **Plaintiffs** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL J. PARDINE, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Pending before the Court is Defendants Daniel Pardine and Matthew Pardine's motion to

dismiss Plaintiffs' petition to compel arbitration.  (Doc. No. 8.)  The motion is ripe for

disposition.  For the reasons that follow, the Court will deny Defendants' motion.

**I.     BACKGROUND**

This case involves two former employees of Plaintiff Insurance Newsnet.com ("INN").

INN terminated Defendants[1] Daniel and Matthew Pardine's employment on November 22, 2010.

In January 2011, Defendants filed an amended complaint against Plaintiffs in the Superior Court

of New Jersey.  (Doc. No. 1-3.)  In the New Jersey complaint, Defendants alleged claims of

breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge

under New Jersey's Conscientious Employee Protection Act ("CEPA"), common law wrongful

discharge, unjust enrichment, fraudulent inducement, and assault.  (Id.)  On February 10, 2011,

Plaintiffs brought this action to compel arbitration pursuant to the Federal Arbitration Act

---

[1] Although Daniel and Matthew Pardine are plaintiffs in the New Jersey action, they are
referred to as Defendants for purposes of this memorandum.

1

("FAA"), 9 U.S.C. § 4[2], and to stay related state court proceedings.  (Doc. No. 1.)

Plaintiffs filed demands for arbitration with the American Arbitration Association

("AAA").  On March 10, 2011, Defendants sought an order from the Superior Court of New

Jersey to dismiss or stay the arbitration filed by Plaintiffs.  (Doc. No. 11 at 2.)  As a result, on

March 11, 2011, the AAA stayed the arbitration proceedings until May 10, 2011 so that

Defendants could pursue their motion.  (Id.)  The Superior Court of New Jersey denied

Defendants' motion to dismiss or stay the arbitration proceedings on April 1, 2011.  (Id.)  Also

on April 1, 2011, the Superior Court of New Jersey granted a stay of seven of the twelve counts

contained in Defendants' complaint against Plaintiffs, pending this Court's disposition of

Plaintiffs' motion to compel arbitration.  (Id.)  The Superior Court did not stay Defendants'

claims for wrongful discharge under CEPA, common law wrongful discharge, and assault.  (Id.)

In this Court, Defendants responded to Plaintiffs' motion to compel arbitration with a

motion to dismiss and a brief in support on April 15, 2011.  (Doc. Nos. 8, 9.)  Plaintiffs filed a

response and a brief in opposition on April 26, 2011.  (Doc. Nos. 10, 11.)  On May 10, 2011,

Defendants filed a reply brief.  (Doc. No. 23.)

## II.   DISCUSSION

Defendants argue that the Court should abstain from exercising its jurisdiction pursuant

---

[2] 9 U.S.C. § 4 provides, in pertinent part:

> A party aggrieved by the alleged failure, neglect, or refusal of another
> to arbitrate under a written agreement for arbitration may petition any
> United States district court which, save for such agreement, would
> have jurisdiction under Title 28, in a civil action . . . of the subject
> matter of a suit arising out of the controversy between the parties, for
> an order directing that such arbitration proceed in the manner
> provided for in such agreement.

to <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976), and <u>Moses</u>

<u>H. Cone Memorial Hospital v. Mercury Construction Corporation</u>, 460 U.S. 1 (1983).  The

<u>Colorado River</u> doctrine allows a federal court to abstain, either by staying or dismissing a

pending federal action, when there is a parallel ongoing state court proceeding.  The doctrine of

abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate

a controversy properly before it.  Abdication of the obligation to decide cases can be justified

only in the exceptional circumstances where the order to the parties to the State Court would

clearly serve an important countervailing interest."  <u>Colorado River</u>, 424 U.S. at 813.  Further,

"[a]bstention from the exercise of federal jurisdiction is the exception, not the rule."  <u>Moses H.</u>

<u>Cone</u>, 460 U.S. at 14.

In <u>Colorado River</u> and <u>Moses H. Cone</u>, the Supreme Court listed six factors for the Court

to consider in determining whether abstention is warranted.  These factors include: (1) whether

the state or federal court has assumed jurisdiction over property; (2) the inconvenience of the

federal forum; (3) avoidance of piecemeal litigation; (4) the order in which the courts obtained

jurisdiction; (5) whether federal or state law controls; and (6) whether the state court will

adequately protect the interests of the parties.  <u>Colorado River</u>, 424 U.S. at 818-820; <u>Moses H.</u>

<u>Cone</u>, 406 U.S. at 23.  None of these factors are determinative; rather, they require "a careful

balancing of the important factors as they apply in a given case, with the balance heavily

weighted in favor of the exercise of jurisdiction."  <u>Moses H. Cone</u>, 460 U.S. at 16.

Before applying these six factors, the Court must consider whether the two actions are

parallel.  If the actions are not parallel, the Court lacks the power to abstain.  <u>See</u> <u>Ryan v.</u>

<u>Johnson</u>, 115 F.3d 193 (3d Cir. 1997).  Generally, actions are parallel when they involve the

same parties and the same claims.  See Trent v. Dial Medical of Florida, Inc., 33 F.3d 217, 224

(3d Cir. 1994).  In the Third Circuit, "it is important . . . that only truly duplicative proceedings

be avoided.  When the claims, parties or requested relief differ, deference may not be

appropriate."  Complaint of Bankers Trust Co. v. Chatterjee, 636 F.2d 37, 40 (3d Cir. 1980).

Plaintiffs assert that the two actions are not parallel because the issues raised before this Court

are different from those raised in state court.  (Doc. No. 10 ¶ 2; Doc. No. 11 at 9.)

        The Court finds that there is support for Plaintiffs' argument.  Defendants' suit in state

court seeks money damages for claims of breach of contract, breach of implied covenant of good

faith and fair dealing, wrongful discharge under CEPA, common law wrongful discharge, unjust

enrichment, fraudulent inducement, and assault.  (Doc. No. 1-3.)  In contrast, Plaintiffs' federal

action seeks an order compelling arbitration.  (Doc. No. 1.)  Thus, the cases are not truly

duplicative because the relief sought in each case is different.  See Harris v. Pernsley, 755 F.2d

338 (3d Cir. 1985) ("The cases are not truly parallel since the federal court plaintiffs seek money

damages while the state court plaintiffs do not.").  In resolving Plaintiffs' petition to compel

arbitration, the Court must determine (1) whether the parties have entered into a valid written

agreement to arbitrate, and (2) whether the dispute in question falls within the scope of that

agreement.  Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005);

Nationwide Mut. Ins. Co. v. Cosenza, 258 F.3d 197, 202 (3d Cir. 2001).  Accordingly, it is

arguable that the issues presented in this action are different from those before the state court.

See Brown v. Pacific Life Ins. Co., 462 F.3d 384, 395 n.7 (5th Cir. 2006) (noting that a federal

action to compel arbitration was not "precisely parallel" to the state court action but declining to

decide the issue); R.J. Griffin & Co. v. Beach Club II Homeowner's Ass'n, Inc., 3 F. App'x 43,

4

45 (4th Cir. 2001) ("The state proceedings thus fail to reach [the] 'totally duplicative' threshold because they do not raise the same issues or seek the same remedies [as the motion to compel arbitration].").  Because the Court finds that abstention is not warranted upon a consideration of the six factors, it need not resolve whether these proceedings are parallel for purposes of the Colorado River doctrine.

Defendants concede that because in rem jurisdiction is not a consideration in the federal or state action, the first Colorado River factor does not apply.  (Doc. No. 9 at 8.)  The second factor, relative convenience of the federal forum, does not support abstention here.  Defendants argue that they work and live in New Jersey, "more than a hundred miles away" from this Court. (Id.)  The Court finds this argument to be unpersuasive.  See Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990) (finding that a 200 mile distance between the state and federal court was not sufficiently great such that the factor weighed in favor of abstention).

In consideration of the third factor, the avoidance of piecemeal litigation, Defendants argue that the state court has stayed seven of the twelve claims, allowing five claims to proceed. (Doc. No. 9 at 8.)  Therefore, Defendants argue, the claims that are not stayed will have to be litigated in a separate forum.  However, the terms of the arbitration agreement suggest that piecemeal litigation may not result.  The arbitration clause in Defendants' employment agreements states that "any controversy or claim arising out of relating to this Agreement, or any breach thereof, shall be settled by arbitration in the appropriate jurisdiction as determined by the Company, in accordance with the rules of the American Arbitration Association then in effect." (Doc. No. 1-3 ¶ 16.)  The FAA requires the Court to resolve "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration."  Moses H. Cone, 460 U.S. at 24-25.  The Third

Circuit has stated that a court should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Trippe Mfg. Co., 401 F.3d at 532.  Moreover, the presumption of arbitrability is particularly strong when the parties contractually agree to an arbitration provision broadly encompassing all disputes arising from or relating to the agreement.  AT&T Techs., Inc. v. Communic'ns Workers of Am., 475 U.S. 643, 650 (1986); Battaglia v. McKendry, 233 F.3d 270, 725 (3d Cir. 2000) ("This presumption of arbitrability is particularly applicable where the arbitration clause at issue is broad.").  Accordingly, piecemeal litigation may not be a concern.

Even if arbitration leaves some claims unresolved, separate resolution may be necessary to effect congressional policy favoring arbitration.  Indeed, in Moses H. Cone, the Supreme Court stated that:

> It is true . . . that if [plaintiff] obtains an arbitration order for its dispute, the [defendant] will be forced to resolve these related disputes in different forums.  That misfortune, however, is not the result of any choice between federal and state courts; it occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement.

460 U.S. at 20; see also Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 671 F.3d 299 (3d Cir. 2009) ("In this instance, rather than containing a strong policy against piecemeal litigation, the FAA has a policy in favor of it, at least to the extent necessary to preserve arbitration rights. . . .").  The Court finds that because the FAA favors piecemeal litigation when necessary, the third factor weighs against abstention.

The Court next considers the fourth factor, concerning which forum first acquired jurisdiction.  Defendants assert that because the state court suit was filed first, that court should retain jurisdiction.  (Doc. No. 9 at 8.)  While it is true that Defendants filed the state court action

prior to Plaintiffs' initiation of this action, the Supreme Court in <u>Moses H. Cone</u> characterized the "first filed" argument as giving "too mechanical a reading to the 'priority' element of the <u>Colorado River</u> balance."  460 U.S. at 21.  The Supreme Court also noted that in the arbitration context, such an argument "disregards the obvious reason for the . . . priority in filing.  An indispensable element of [the plaintiff's] cause of action under § 4 for an arbitration order is [the defendant's] refusal to arbitrate. . . . That refusal did not occur until less than a day before [the defendant] filed its state suit."  <u>Id.</u>  According to the Supreme Court, the comparative progress made in the state case and this action must be considered.  <u>Id.</u> at 22.  The Court notes that the state court has not substantially proceeded towards disposition of the case.  Indeed, seven of the twelve claims in the state court action are stayed pending this Court's disposition of Plaintiffs' motion to compel arbitration.  This factor weighs against abstention.

The fifth factor, whether federal or state law controls, also counsels against abstention. Defendants seem to assert that issues involving state law apply in the underlying dispute.  (Doc. No. 9 at 9.)  However, in this federal action, the only issue presented is whether Defendants should be compelled to arbitration under § 4 of the FAA.  Accordingly, federal law provides the rule of decision on the merits.  <u>See</u> <u>Moses H. Cone</u>, 460 U.S. at 24 ("Federal law in the terms of the Arbitration Act governs [the issue of arbitrability] in either state or federal court.").

Defendants argue, and the Court agrees, that the final factor carries little weight.  The sixth factor the Court must consider is whether the state court will adequately protect the interests of the parties.  As the Third Circuit has recognized, "the FAA grants concurrent jurisdiction to federal and state courts and thus expressly contemplates the state court as an adequate forum for adjudication."  <u>Nationwide Mut. Fire Ins. Co.</u>, 571 F.3d at 308.  Because "the

question whether parties' interests are protected is only relevant when they are not," this factor does not significantly alter the Court's analysis.  <u>Spring City Corp. v. Am. Bldgs. Co.</u>, 193 F.3d 165, 172 (3d Cir. 1999).

In conclusion, Defendants have not demonstrated "exceptional circumstances" which support abstention.  The Court finds that, as in <u>Moses H. Cone</u>, "a "liberal federal policy favoring arbitration" prevails and abstention is not warranted.

## III.    CONCLUSION

Because Defendants have failed to demonstrate "exceptional circumstances" that would warrant abstention, their motion to dismiss will be denied.  An order consistent with this memorandum will follow.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **INSURANCE NEWSNET.COM,** | **:** | **Civil Action No. 1:11-CV-00286** |
| **INC., et al.,** | **:** | |
| Plaintiffs | **:** | **(Chief Judge Kane)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DANIEL J. PARDINE, et al.,** | **:** | |
| Defendants | **:** | |

## ORDER

NOW, on this 17th day of June 2011, upon consideration of Defendants' motion to dismiss (Doc. No. 8), and for the reasons set forth in this Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motion is **DENIED**.

  S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania