**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **INSURANCE NEWSNET.COM,** : | Civil Action No. 1:11-CV-00286 |
| **INC., et al.,** : | |
|     **Plaintiffs** : | (Chief Judge Kane) |
| : | |
| **v.** : | |
| : | |
| **DANIEL J. PARDINE, et al.,** : | |
|     **Defendants** : | |

## MEMORANDUM

Pending before the Court is Plaintiffs' motion for temporary restraining order and preliminary injunction. (Doc. No. 12.) The motion is ripe for disposition. For the reasons that follow, the Court will deny Plaintiffs' motion.

**I.    BACKGROUND**

On February 10, 2011, Plaintiffs Insurance Newsnet.com, Inc., ("INN"), and Paul Felman initiated this action by filing a petition to compel arbitration and to stay related state court proceedings. (Doc. No. 1.) On April 26, 2011, Plaintiffs filed a motion for temporary restraining order and preliminary injunction. (Doc. No. 12.) In their motion, Plaintiffs seek to restrain Defendants from soliciting clients of INN, accepting business or account transfers from clients of INN, and using or disclosing any confidential information Defendants removed from INN's records. (Doc. No. 12 at 11.) The Court held a hearing on the motion on May 3, 2011, and May 9, 2011. Defendants filed a brief in opposition on May 17, 2011. (Doc. No. 24.) Plaintiffs filed a reply brief on May 20, 2011. (Doc. No. 25.)

**II.    DISCUSSION**

The Third Circuit has held that a "district court has jurisdiction to entertain a motion for

preliminary injunctive relief in a dispute that the parties agree is arbitrable." Ortho Pharm. Corp. v. Amgen, Inc., 882 F.2d 806, 811-12 (3d Cir. 1989). However, the Third Circuit also noted that "the traditional prerequisites for such relief" must be satisfied. Id. at 812. The four factors a court must consider in determining whether to grant a preliminary injunction are: (1) whether the movant has demonstrated reasonable probability of success on the merits; (2) whether the movant has demonstrated that it will be irreparably injured pendente lite if relief is not granted to prevent a change in the status quo; and (4) the public interest. Id. at 812-13. "As these elements suggest, there must be a 'relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th cir. 1994)). Because the Court finds that the issues raised in the motion for preliminary injunction bear no relationship to those raised in Plaintiffs' petition to compel arbitration, Plaintiffs' motion for preliminary injunction must be denied.      A preliminary injunction grants "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction. See Stewart v. U.S. Immigration & Naturalization Serv., 762 F.2d 193, 198-99 (2d Cir. 1985). Here, it is clear that the remedy Plaintiffs seek in their motion for injunctive relief differs from the remedy they seek in their petition to compel arbitration. Plaintiffs' motion for injunctive relief seeks to enjoin Defendants from engaging in competition with INN and from using, disclosing, or transmitting INN's confidential information, while their original filing in this action, a petition to compel arbitration, seeks to compel Defendants to arbitration and to stay a New Jersey state court proceeding.

Plaintiffs cite to Specialty Bakeries v. RobHal, Inc., 961 F. Supp. 822 (E.D. Pa. 1997), for the proposition that the Court may grant injunctive relief because Plaintiffs are likely to succeed on the merits of their motion to compel arbitration. (Doc. No. 25 at 11-12.)  It is true that the original filing in Specialty Bakeries was a motion to compel arbitration, as is the case here.  961 F. Supp. at 827.  However, the sole injunctive relief the plaintiff in Specialty Bakeries sought was a stay of a state court proceeding pending arbitration.  Thus, the issues the plaintiff raised in its motion for injunctive relief—that is, whether the defendant's actions in filing the state court action violated the parties' agreement to arbitrate—were the same issues the plaintiff raised in its motion to compel arbitration.  Similarly, in Merrill Lynch, Pierce, Fenner & Smith v. Rodger, 75 F. Supp. 2d 375 (M.D. Pa. 1999), the court granted Merrill Lynch's motion for injunctive relief and enjoined defendants from competing with Merrill Lynch and disclosing its confidential information until the arbitrators rendered a final decision.  Id. at 384.  However, plaintiff's original filing in Rodger was a complaint that alleged claims of breach of contract, conversion, breach of fiduciary duty, and unfair competition as a result of the defendants' violation of their employment agreements.  Accordingly, the relief Merrill Lynch sought in its motion for injunctive relief did not differ from the relief sought in its complaint.  Such is not the case here.  Thus, because a court may not grant injunctive relief when the issues raised in the motion for a preliminary injunction are different from those raised in the complaint, the Court must deny Plaintiffs' motion.

The Court notes that Plaintiffs' motion for injunctive relief does seek a stay of the New Jersey state court proceedings.  While this requested relief does not differ from the relief Plaintiffs seek in their motion to compel arbitration, the Court must deny Plaintiffs' motion as to

this issue as well. The Federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from enjoining the proceeding in the Superior Court of New Jersey due to the fact that this Court has not yet ruled on Plaintiffs' motion to compel arbitration. See Transouth Fin. Corp. v. Bell, 149 F.2d 1292, 97-98 (11th Cir. 1998) ("[T]he premised condition, an order compelling arbitration, does not exist now. Therefore, the 'aid of jurisdiction' exception to the Anti-Injunction Act is inapplicable at present."); see also Zurich Am. Ins. Co. v. Super. Ct. for the State of Cal., 326 F.3d 816 (7th Cir. 2003); cf. Specialty Bakeries, Inc. v. Robhal, Inc. 961 F. Supp. 822, 830 (E.D. Pa. 1997) (enjoining proceedings in the New Jersey Superior Court because injunction was necessary to aid district court's jurisdiction when the court had ordered arbitration).

### III. CONCLUSION

Because the Court is powerless to grant intermediate relief when the remedy Plaintiffs seek in their motion for a preliminary injunction differs from the remedy they seek in their petition to compel arbitration, the Court must deny Plaintiffs' motion. Moreover, the Federal Anti-Injunction Act precludes the Court from enjoining the New Jersey state court proceedings at this time. An order consistent with the memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **INSURANCE NEWSNET.COM, INC., et al.,** | : | Civil Action No. 1:11-CV-00286 |
| Plaintiffs | : | (Chief Judge Kane) |
| v. | : | |
| **DANIEL J. PARDINE, et al.,** | : | |
| Defendants | : | |

## ORDER

**NOW**, on this 17th day of June 2011, in consideration of Plaintiffs' motion for temporary restraining order and preliminary injunction (Doc. No. 12), **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' motion for a temporary restraining order and preliminary injunction (Doc. No. 12) is **DENIED**.

2. Defendants shall file a brief in opposition to Plaintiffs' petition to compel arbitration and stay related state court proceedings (Doc. No. 1) by June 27, 2011. Any reply shall be filed on or before July 7, 2011.

3. A hearing shall be held on August 5, 2011 at 9:30 a.m. in Harrisburg, Courtroom 4, Eighth Floor, to consider Plaintiffs' petition to compel arbitration and stay related state court proceedings (Doc. No. 1).

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
