**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **INSURANCE NEWSNET.COM,** | : | **Civil Action No. 1:11-CV-00286** |
| **INC., et al.,** | : | |
| **Plaintiffs** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL J. PARDINE, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Pending before the Court is Plaintiffs' petition to compel arbitration and stay related state court proceedings. (Doc. No. 1.) Defendants Daniel and Matthew Pardine filed a brief in opposition to Plaintiffs' petition on June 27, 2011. (Doc. No. 30.) Plaintiffs filed a reply brief on July 7, 2011. (Doc. No. 31.) For the reasons that follow, the Court will grant Plaintiffs' petition.

**I.     BACKGROUND**

This case concerns two former employees of Plaintiff Insurance Newsnet.com ("INN"). INN terminated Defendants'[1] employment on November 22, 2010. On January 10, 2011, Defendants filed an action against Plaintiffs in the Superior Court of New Jersey. In the New Jersey complaint, Defendants alleged claims of breach of contract, breach of implied covenant of good faith and fair dealing, wrongful discharge under New Jersey's Conscientious Employee Protection Act ("CEPA"), common law wrongful discharge, unjust enrichment, fraudulent inducement, and assault. On February 10, 2011, pursuant to the Federal Arbitration Act, 9

---

[1] Although Daniel and Matthew Pardine are plaintiffs in the New Jersey action, they are referred to as Defendants for purposes of this Memorandum.

1

U.S.C. § 4 ("FAA"), Plaintiffs filed the present petition to compel arbitration and stay related

state court proceedings.[2]  (Doc. No. 1.)  Plaintiffs alleged that Defendants were in violation of

paragraph 16 of their employment agreements, which states that any claim or controversy arising

out of or relating to the employment agreements is to be settled by arbitration.

Plaintiffs filed demands for arbitration with the American Arbitration Association

("AAA").  The demands for arbitration concerned Defendants' alleged breaches of paragraphs

10 and 11 of their employment agreements (including a covenant not to compete and a non-

disclosure provision) as well as Defendants' claims in their complaint filed with the Superior

Court of New Jersey.  On April 1, 2011, the Superior Court of New Jersey granted a stay of

seven of the twelve counts contained in Defendants' complaint against Plaintiffs, pending this

Court's disposition of Plaintiffs' motion to compel arbitration.  (Id. ¶ 7.)  The Superior Court did

not stay Defendants' claims for wrongful discharge under CEPA, common law wrongful

---

[2] Section 4 of the FAA states, in pertinent part:

> A party aggrieved by the alleged failure, neglect, or refusal of another
> to arbitrate under a written agreement for arbitration may petition any
> United States district court which, save for such agreement, would
> have jurisdiction under Title 28, in a civil action or in admiralty of
> the subject matter of a suit arising out of the controversy between the
> parties, for an order directing that such arbitration proceed in the
> manner provided for in such agreement. Five days' notice in writing
> of such application shall be served upon the party in default. Service
> thereof shall be made in the manner provided by the Federal Rules of
> Civil Procedure. The court shall hear the parties, and upon being
> satisfied that the making of the agreement for arbitration or the
> failure to comply therewith is not in issue, the court shall make an
> order directing the parties to proceed to arbitration in accordance
> with the terms of the agreement.

9 U.S.C. § 4.

discharge, and assault ("non-contract claims").  (Id.)  Plaintiffs have appealed this "limited stay

order" to the New Jersey Superior Court Appellate Division.  (Doc. No. 31 at 2.)  Defendants

have filed a request for entry of default judgment on the five claims not stayed by the Superior

Court of New Jersey.  (Doc. No. 30 at 8; Doc. No. 31 at 2.)

In the meantime, arbitration has begun.  (Doc. No. 30 at 1; Doc. No. 21 at 2.)  The parties

agree that Defendants' contract claims are subject to arbitration.  (Id.)  The parties also agree that

the arbitration clause in Defendants' employment agreements clearly and unmistakably delegates

the determination of arbitrability of Defendants' claims to the arbitrator.  (Doc. No. 30 at 2; Doc.

No. 31 at 5.)  Indeed, the parties are currently briefing the issue of arbitrability of Defendants'

non-contract claims before the arbitrator, and the arbitrator is scheduled to render a decision on

the scope of the arbitration no later than August 12, 2011.  (Doc. No. 30-1 at 1.)

Section 4 of the FAA provides that a party may seek an order compelling arbitration in a

federal district court which would have jurisdiction over a suit on the underlying dispute.  9

U.S.C. § 4.  The Court would have jurisdiction on the underlying dispute because there is

complete diversity between the parties and the amount in controversy in the underlying state

court action exceeds $75,000.  (Doc. No. 1 ¶ 1; Doc. No. 1-3 at 16.)

## II.     STANDARD OF REVIEW

Upon consideration of a petition to compel arbitration,[3] a court applies a standard

_____

[3] The Court notes that Plaintiffs' petition to compel arbitration is docketed as a complaint
and requests that the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201(a).  (Doc.
No. 1.)  However, because Plaintiffs titled the pleading "Petition for Order Compelling
Arbitration and Staying Related State Court Proceedings" and in the pleading Plaintiffs state that
they "bring[] this Petition . . . pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., to
enforce the arbitration provisions of its employment contracts with former employees . . . and to
compel them to arbitrate their disputes. . . .", the Court will construe the pleading as a petition to

analogous to that applied to a motion for summary judgment.  Par-Knit Mills, Inc. v. Stockbridge

Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980).  Accordingly, the court may consider the

pleadings, documents of uncontested validity, and affidavits or depositions submitted by the

parties.  Id.  While Section 4 of the FAA states that "[t]he Court shall hear the parties . . .",

courts have held that Section 4 does not require an evidentiary hearing where there is an absence

of disputed facts.  See Armstrong Assocs. Int'l Holdings Corp., No. 06-11177, 2007 WL

2114512, at *4 (5th Cir. July 24, 2007); Marks 3-Zet-Ernst Mark Gmbh & Co. KG v. Presstek,

Inc., 455 F.3d 7, 14 (1st Cir. 2006); Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co., 706

F.2d 155, 159 (6th Cir. 1983).  Because there are no disputed facts, the Court declines to hold an

evidentiary hearing.  See Mowbray v. Moseley, Hallgarten, Estabrook & Weeden, Inc., 795 F.2d

1111, 1115 n.7 (1st Cir. 1986).

## III.   DISCUSSION

In their petition, Plaintiffs ask the Court to compel Defendants to arbitration and stay the

New Jersey action.  The Court will address each issue in turn.

### A.   Petition to Compel Arbitration

The FAA establishes a strong federal policy in favor of arbitration.  Puleo v. Chase Bank

USA, N.A., 605 F.3d 172, 178 (3d Cir. 2010).  When adjudicating a motion to compel

arbitration, the Court must address two issues: (1) whether the parties have entered into a valid

written agreement to arbitrate, and (2) whether the dispute in question falls within the scope of

that agreement.  Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005);

Nationwide Mut. Ins. Co. v. Cosenza, 258 F.3d 197, 202 (3d Cir. 2001).

---

compel arbitration pursuant to 9 U.S.C. § 4.

As to part one of the two-step inquiry, the parties do not dispute that Defendants' employment agreements contain a valid written agreement to arbitrate. Paragraph 16 of Defendants' employment agreements states, in pertinent part, that "[a]ny controversy or claim arising out of or relating to this Agreement, or any breach thereof, shall be settled by arbitration in the appropriate jurisdiction as determined by Company, in accordance with the rules of the American Arbitration Association then in effect." (Doc. No. 1-1 ¶ 16.) The party seeking to avoid arbitration bears the burden of proving the invalidity of an arbitration agreement. Green Tree Fin. Corp. v. Randolph, 531 U.S. 79, 92 (2000). Because Defendants have made no argument regarding the invalidity of the arbitration agreement, the Court will proceed to part two of the two-part inquiry.

The parties also do not dispute that the scope of the arbitration agreement is a question for the arbitrator. Absent language in the parties' agreement providing otherwise, the arbitrability of a dispute is a question of law for a court to determine. U.S. Small Bus. Admin. v. Chimicles, 447 F.3d 207, 209 (3d Cir. 2006). However, where there is clear and unmistakable evidence of the parties' intent to submit the arbitrability question to the arbitrator, the issue of arbitrability is not for the court to decide. AT&T Tech. v. Cmmc'ns Workers of Am., 475 U.S. 643, 649 (1986). "[T]he prevailing rule across jurisdictions is that incorporation by reference of rules granting the arbitrator the authority to decide questions of arbitrability—especially the [American Arbitration Association "AAA"] rules—is clear and unmistakable evidence that the parties agreed to submit arbitrability questions to the arbitrators." Way Servs., Inc. v. Adecco N. Am., No. 06-CV-2109, 2007 WL 1775393, at *3 (E.D. Pa. Jun. 17, 2007); see also, Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship, 432 F. 3d 1327 (11th Cir. 2005); Contec Corp. v. Remote Solution Co., Ltd.,

5

398 F.3d 205, 208 (2nd Cir. 2005).  The parties agree that the arbitration clause in Defendants'

employment agreements incorporated the AAA rules by reference,[4] thereby reserving the question

of arbitrability for the arbitrator.  (Doc. No. 30 at 3; Doc. No. 31 at 5.)  Because the parties have

agreed to arbitrate the issue of arbitrability, step two of the two-part inquiry is satisfied.

The Court also finds that Defendants' failure to comply with the arbitration agreement is

not in issue.  See 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for

arbitration or the failure to comply therewith is not in issue, the court shall make an order

directing the parties to proceed to arbitration in accordance with the terms of the agreement.")

Defendants argue that Plaintiffs' petition to compel arbitration should be dismissed as moot

because their contract claims are before the arbitrator, as is the issue of arbitrability of

Defendants' non-contract claims.  (Doc. No. 31 at 4.)  Plaintiffs argue that because Defendants

continue to pursue their claims in the New Jersey action, Defendants continue to refuse to

arbitrate.  (Doc. No. 31 at 5.)  While it is true that the claims averred in Defendants' New Jersey

complaint are currently before the arbitrator, the parties do not dispute the fact that Defendants

continue to litigate their non-contract claims in the New Jersey action.  Indeed, Defendants state

that Plaintiffs "face default on these counts," and "[i]f default is entered, there will be no issue for

the arbitrator."  (Doc. No. 30 at 8.)

The Court agrees with Plaintiffs that despite the fact that the arbitration proceeding is

underway, Defendants have refused to "move 'out of court and into arbitration.'" (Doc. No. 31 at

---

[4] Of particular importance is Rule 7(a) of the AAA commercial arbitration rules, which
provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction,
including any objections with respect to the existence, scope or validity of the arbitration
agreement."  Am. Arbitration Ass'n, Commercial Arbitration Rules, http://www.adr.org/
sp.asp?id=22440#R7 (last visited Aug. 3, 2011).

4); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983)

("Congress' clear intent[] in the Arbitration Act [was] to move the parties to an arbitrable dispute

out of court and into arbitration as quickly and easily as possible.").  The Court finds that

Defendants' continued pursuit of their claims in the New Jersey action constitutes a refusal to

arbitrate pursuant to Section 4 of the FAA.  See PaineWebber Inc. v. Faragalli, 61 F.3d 1063,

1066 (3d Cir. 1995) (holding that "an action to compel arbitration under the [FAA] accrues only

when the respondent unequivocally refuses to arbitrate, either by failing to comply with an

arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate the

subject matter of the dispute.")  In PaineWebber, the Third Circuit found that "unless the

respondent has resisted arbitration, the petitioner has not been 'aggrieved' by anything." Id.  By

seeking default judgment on their non-contract claims in the New Jersey action and threatening

that "if default is entered, there will be no issue for the arbitrator," Defendants have

unambiguously manifested an intention not to arbitrate their New Jersey claims and Plaintiffs are

aggrieved by Defendants' resistance to fully submit to arbitration.  Thus, Plaintiffs' petition to

compel arbitration is not moot and the Court will grant Plaintiffs' petition.

>      **B.      Stay of State Court Proceedings**

Plaintiffs also seek a stay of the New Jersey state court proceedings pending arbitration.

In keeping with principles of federalism and respect for the sovereignty of the several states and

their judicial system, the courts of the United States are generally prohibited by the Anti-

Injunction Act from issuing injunctions to stay proceedings in state courts.  28 U.S.C. § 2283.

However, the Anti-Injunction Act does empower the courts of the United States to enjoin actions

in a state court where (1) an injunction is expressly authorized by Congress; (2) an injunction is

necessary in aid of its jurisdiction; or (3) an injunction is necessary to protect or effectuate its judgments.  (Id.)  The FAA does not expressly authorize federal courts to enjoin state court proceedings.  However, such injunctions fall within the second exception to the Anti-Injunction Act because they are necessary in aid of federal jurisdiction.  See, e.g., Morgan Stanley Dean Witter Reynolds, Inc. v. Enterman, No. 03-2247, 2003 WL 22020065, at *3 (E.D. Pa. July 3, 2003); Cent. Reserve Life Ins. Co. v. Marelllo, No. 00-3344, 2001 WL 41129, at *2 (E.D. Pa. Jan. 17, 2001); Specialty Bakeries, Inc. v. RobHal, Inc., 961 F. Supp. 822, 830 (E.D. Pa. 1997).  Allowing the New Jersey action to proceed "would eviscerate the arbitration process and make it a 'hollow formality,' with needless expense to all concerned."  Specialty Bakeries, 961 F. Supp. at 830.  Accordingly, the Court has the authority to stay the New Jersey action pending arbitration and will grant Plaintiffs' motion.

## IV.     CONCLUSION

For the forgoing reasons, the Court will grant Plaintiffs' petition to compel arbitration and stay related state court proceedings (Doc. No. 1).  An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **INSURANCE NEWSNET.COM,** | : | Civil Action No. 1:11-CV-00286 |
| **INC., et al.,** | : | |
| **Plaintiffs** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL J. PARDINE, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**NOW**, on this 4th day of August 2011, in consideration of Plaintiffs' petition to compel arbitration and stay related state court proceedings (Doc. No. 1), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' petition to compel arbitration and stay related state court proceedings (Doc. No. 1) is **GRANTED**.

2. All parties are **ENJOINED** from proceeding with Defendants' lawsuit against Plaintiffs currently pending in the Superior Court of New Jersey docketed at Docket No. ESX-L-10762-10 pending completion of arbitration.

3. The Court **SHALL** retain jurisdiction until further order of the Court, pending completion of the arbitration proceeding.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania.

9